352 So.2d 729 (1977)
Perry Lee FISHER, M.D.
v.
LOUISIANA STATE BOARD OF MEDICAL EXAMINERS et al.
No. 8776.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Rehearing Denied December 13, 1977.
Writ Refused January 20, 1978.
Edwards, Stefanski & Barousse, Homer Ed Barousse, Jr., Crowley, for plaintiff-appellant.
Adams & Reese, Robert J. Conrad, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
*730 BEER, Judge.
Perry Lee Fisher appeals a decision of the Louisiana State Board of Medical Examiners (hereafter, "Board"), affirmed by the Civil District Court for the Parish of Orleans, which revoked his license to practice.
On May 1, 1976, at a specially called meeting, the Board considered information provided by the Drug Enforcement Agency of the United States Department of Justice and, under authority of La.R.S. 49:961, suspended appellant's license, concurrently initiating adequate but unsuccessful efforts to advise him that a revocation hearing had been set. On August 20, 1976, the Board convened a hearing at which Fisher was not present and revoked his license upon finding that he had prescribed and dispensed habit-forming, legally controlled drugs in other than a legal or legitimate manner, a violation of La.R.S. 37:1285(6).
Notice of revocation was eventually received by Fisher, who, thereupon, through counsel, sought and was granted a rehearing. On December 9, 1976, the Board convened a rehearing of the original charge of violation of La.R.S. 37:1285(6). It also considered an additional charge that Fisher had violated La.R.S. 37:1285(11) by making and submitting fraudulent claims against the Louisiana Division of Family Services. Following that hearing, at which appellant was present and represented by counsel, the Board made findings of fact and conclusions of law:

"FINDINGS OF FACT

1.
Dr. Perry Lee Fisher, M.D. did, in fact, sell and issue prescriptions for 25 Dilaudid (2mg) tablets and 25 Preludin (75mg) Endurets to a person known to him as John Brooks on or about March 14, 1975, at his office at 461 Sandoz Street in Opelousas, Louisiana without reasonable medical justification therefor and received in payment the sum of Fifty and No/100 ($50.00) Dollars for said prescriptions.

2.
Dilaudid is a drug of choice of drug addicts and has a high street resale value. The sale of the above prescriptions was made by Dr. Fisher to a drug user who was acting in cooperation with the Drug Enforcement Agency of the United States Department of Justice.

3.
The Drug Enforcement Agency was acting upon intelligence information previously received from the East Baton Rouge Parish Sheriff's Office, the Baton Rouge Police Department, and the Louisiana State Police that such prescriptions were being obtained at request from Dr. Fisher's office.

4.
Dr. Perry Lee Fisher, M.D. was also charged by indictment in the United States District Court for the Middle District of Louisiana in criminal proceedings # 76-23 with violations of 18 U.S.C. 1341 and 18 U.S.C. 2 for `devising and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses and representations from the Louisiana Division of Family Services, a branch of the State of Louisiana Health and Human Resources Administration' which was administering the Medicaid program as provided for by the Social Security Act.

5.
According to said indictment, it was part of the scheme that false and fraudulent claim forms were intentionally prepared and submitted to the Louisiana Division of Family Services in order to induce payment to Dr. Perry Lee Fisher, M.D. for services not actually rendered to patients.

6.
Dr. Perry Lee Fisher, M.D. pled guilty to one count of said indictment and therefore stands convicted of a crime.

7.
The crime for which he stands convicted arose out of and from his practice of medicine in the State of Louisiana and, *731 because of the nature thereof, has a direct and proximate relationship to his qualifications for continued practice.

CONCLUSIONS OF LAW
Based upon the foregoing Findings of Fact, the Board concludes, as a matter of law, that:

1.
Perry Lee Fisher, M.D. was prescribing and dispensing habit-forming or other legally controlled substances in other than a legal or legitimate manner and therefore just cause exists for action against his license as provided for by LSA-R.S. 37:1285(6).

2.
Perry Lee Fisher, M.D. was making and submitting false and deceptive claims to a governmental authority for the purpose of obtaining monetary compensation for services rendered and therefore just cause exists for action against his license as provided for by LSA-R.S. 37:1285(11).

3.
Perry Lee Fisher, M.D. has been convicted of a crime and therefore, just cause exists for action against his license as provided for by LSA-R.S. 37:1285(1)."
Thereupon, the Board affirmed its previously suspended revocation of Fisher's license. Subsequently affirmed by the Civil District Court for the Parish of Orleans, the revocation is here challenged by appellant's contentions that the Board committed error when it permitted the introduction of "multilevel hearsay evidence without other substantial supporting evidence." Specifically, appellant alleges error in the Board's apparent consideration of a transcript of the August 20, 1976 proceedings at which appellant was neither present nor represented, as well as the introduction and apparent consideration of a report of the Drug Enforcement Agency signed by a special agent who was not present at the hearing. The report shows Fisher to be a regular source of illicit prescriptions for Preludin and Dilaudid.
The admission of the transcript of the August 20th proceeding is of little evidentiary consequence in light of the fact that Fisher was present and represented by counsel at the rehearing. Since the identical evidence with respect to violation of LSA-R.S. 37:1285(6) was presented at each hearing, he was not materially prejudiced by the admission of the earlier transcript even though its admission served no useful purpose.
The Drug Enforcement Agency report consisted, essentially, of reports made to the D.E.A. by the East Baton Rouge Parish Sheriff's Office, the Baton Rouge Police Department, and the Louisiana State Police Narcotics Division. They were, in turn, based upon informants' statements to those agencies concerning Fisher's alleged illicit activities. The D.E.A. report also contained a description of an incident in which special agents met with one of the informants and formulated plans for a controlled purchase of evidence from Fisher. The agents and the informant went to Opelousas where the informant, under surveillance, obtained prescriptions from Fisher for Preludin and Dilaudid without a cursory medical examination. Special Agent Bremer appeared at the revocation hearing and verified his participation and the essential facts of this incident.
Hearsay evidence is admissible in administrative proceedings. The Louisiana Administrative Procedure Act (La.R.S. 49:956) permits admission of any evidence which possesses "probative value commonly accepted by reasonably prudent men in the conduct of their affairs," subject to objections of irrelevancy, immateriality, incompetency, or repetitiousness. Concerned with this aspect of administrative law procedure, Professor Kenneth Davis has observed:
"(T)he reliability of hearsay ranges from the least to the most reliable. The reliability of non-hearsay also ranges from the least to the most reliable. Therefore the guide should be a judgment about the reliability of particular evidence in a particular circumstance, not the technical hearsay rule with all its complex exceptions." Kenneth Davis, "Hearsay in Administrative Hearings," 32 Geo.Wash.L.Rev. 689 (1964). *732 In the instant case, the hearsay evidence was reliable and supports, along with other acceptable evidence, the finding of a violation of La.R.S. 37:1285(6).
There exists a strong presumption of validity and propriety in administrative actions such as that with which we are here concerned. See, Ross v. Stewart, 227 U.S. 530, 535, 33 S.Ct. 345, 348, 57 L.Ed. 626 (1926); Maryland National Capitol Park and Planning Commission v. Lynn, 168 U.S.App.D.C. 407, 514 F.2d 829 (1975); Plantation Anhydrous Ammonia Corp. v. Anhydrous Ammonia Commission, 234 La. 869, 882, 101 So.2d 699, 703 (1958). Also note our observations in Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir. 1977), writ refused, 349 So.2d 885 (La., 1977).
Furthermore, La.R.S. 37-1285 gives the Board discretion to revoke for any of various enumerated grounds. Thus, even if the Board's fact findings were successfully attacked, appellant's uncontested admission of guilt with respect to the submitting of false claims to a governmental agency constituted sufficient grounds for revocation under La.R.S. 37:1285(1) and (11).
The trial court's determination that the Board's order was within its statutory authority and based upon findings of violations of the Medical Practice Act is supported by the record and is, accordingly, affirmed at appellant's cost.
AFFIRMED.