487 So.2d 155 (1986)
ACCOUNTANTS' ASSOCIATION OF LOUISIANA, et al.
v.
STATE of Louisiana, et al.
No. CA-4651.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Rehearing Denied May 15, 1986.
*156 Melanie Shaw, C. Ellis Henican, Jr., Henican, James & Cleveland, Metairie, for plaintiff/appellee Accountant's Ass'n of La.
Kenneth J. Bialkin, Louis A. Craco, Philip D. Corsi, Roger D. Netzer, Donald J. Schneeman, Willkie, Farr & Gallagher, New York City, for American Institute of Certified Public Accountants.
Robert J. Conrad, Jr., Richard A. Goins, Adams & Reese, New Orleans, for defendant/appellant, State Board of Certified Public Accountants of La.
Philip A. Wittmann, Noel J. Darce, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for Society of La. Certified Public Accountants.
Before KLEES, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
The issue presented for our determination is whether a procedure and its resulting report, termed a "Review", prepared by an unlicensed accountant violates the Public Accountancy Law[1] of Louisiana.
As a result of an adverse declaratory ruling by the State Board of Certified Public Accountants (Board), plaintiffs, the Louisiana Society of Independent Accountants (LSIA) and one of its members, instituted these proceedings seeking a declaratory judgment[2] to invalidate the Board's rules, and to recognize their right to perform the review function.
The trial court held that the review function was not prohibited by the Public Accountancy Law, and that the Board's rules interpreting public accounting were invalid. Because of the result reached, the constitutional issues raised by plaintiffs were not addressed in the lower court.
The practice of public accounting is defined by statute as follows:
(1) Offering to perform, or performing for the public, accounting or accounting related services while holding one's self out as a certified public accountant or as a firm of certified public accountants; or
(2) Signing or affixing one's own or firm name, or other name used in one's profession or business, to any opinion or certificate attesting in any way to the reliability of any representation or estimate in regard to any person or organization, embracing financial information or facts respecting compliance with conditions established by law or contract, including but not limited to statutes, ordinances, regulations, grants, loans and appropriation, together with any wording accompanying or contained in such opinion or certificate which indicates (a) that he is an accountant or auditor or that the firm is composed of, or employs, accountants or auditors, or (b) that he has expert knowledge in accounting or auditing or that the firm is composed of or employs persons having expertise in accounting or auditing; or
(3) Offering to the public or to prospective clients to perform, or actually performing on behalf of clients, professional services that involve or require an audit, or examination of financial records leading to the expression of a written opinion concerning same; or
(4) Maintaining an office for the transaction of business as a certified public accountant.
La.R.S. 37:72.
La.R.S. 37:77 provides, in part, that "[n]o person ... shall engage in the practice of public accounting in the State of Louisiana unless he has ... a certified public accountant *157 license...." Anyone who violates that statute is guilty of a misdemeanor punishable by a fine of not more than $500.00 or imprisonment for not more than five months, or both. La.R.S. 37:83.
In order to carry out the purposes and intents of its Public Accounting Law, the Louisiana legislature created the State Board of Certified Public Accountants, an agency within the Department of Commerce. La.R.S. 37:73. Among the duties and powers delegated to the Board is the authority to "[t]ake appropriate administrative action to regulate the practice of public accounting in the State of Louisiana in the interest of and to preserve and protect the public health, safety and welfare." La. R.S. 37:75(A)(3). Further the Board is empowered to "[a]dopt and enforce all rules, regulations, by laws and rules of professional conduct as the Board may deem necessary and proper to regulate the practice of public accounting in the State of Louisiana..." La.R.S. 37:77(B)(2).
In furtherance of its statutory authority the Board promulgated its rules purporting to interpret the legislative definition of public accounting. Those rules, provide, in part:
"2.1 The term `public accounting' as used in the Act shall mean:
2.1.1 Rendering an accountants' report.
2.1.2 All services offered or performed for the public by anyone that involves issuing an opinion or certificate attesting in any way to the reliability of the representation; or that involve an audit, examination, review, or compilation of the financial reports leading to a written accountant's report.
1.2 The term accountant's report shall mean a report:
1.2.1 Rendering an opinion or statement, or denying an opinion that financial statements or elements thereof are presented, prepared or complied in accordance with generally accepted accounting principals or any other comprehensive basis of accounting and/or
1.2.2 Referring to an audit, examination, review or lack thereof."[3]
A comparison of the statute and the rules clearly show that the terminology utilized by the Board is different from the language of the legislative act. Most noteworthy is the fact that neither "review" nor "accountant's report" appear in the statutory definition. We must therefore determine, based on the facts before us, what constitutes a review, and whether the Board's definition of public accounting is consistent with the statutory definition.
There are three distinct levels of financial analysis defined by the American Institute of Certified Public Accountants (AICPA), namely, the Audit, the Review and the Compilation. All parties agree that the Audit, the most comprehensive of financial examinations, is prohibited by the statute unless the accountant is licensed. At the other end of the accounting spectrum is the Compilation which merely represents the compiling of information without any assurances given by the accountant. The Compilation is permitted by non-licensed accountants according to the Board's rule 2.2.2.[4]
*158 The Review function is defined by the AICPA as:
"[p]erforming inquiry and analytical procedures that provide the accountant with a reasonable basis for expressing limited assurance that there are not material modifications that should be made to the statements in order for them to be in conformity with generally accepted accounting principles or, if applicable, with another comprehensive basis of accounting."
The standard form of a Review Report prescribed by the AICPA provides:
"I (we) have reviewed the accompanying balance sheet of XYZ Company as of December 31, 19XX, and the related statements of income, retained earnings, and changes in financial position for the year then ended, in accordance with standards established by the American Institute of Certified Public Accountants. All information included in these financial statements is the representation of the management (owner) of XYZ Company.
A review consists principally of inquiries of company personnel and analytical procedures applied to financial data. It is substantially less in scope than an examination in accordance with generally accepted auditing standards, the objective of which is the expression of an opinion regarding the financial statements taken as a whole. Accordingly, I (we) do not express such an opinion.
Based on my (our) review, I am (we are) not aware of any material modifications that should be made to the accompanying financial statements in order for them to be in conformity with generally accepted accounting principles."[5]
The form utilized by plaintiffs in their review report contains substantially the same language as the AICPA form, with the exception that the phrase "... in accordance with established standards" is substituted for the phrase "... in accordance with standards established by the American Institute of Certified Public Accountants."
The trial court held that plaintiffs review report did not fall within the statutory definition of public accounting because:
1. The person who signs the report does not attest to the reliability of a financial statement, but rather says that all information contained therein is the representation of management and denies any opinion within respect thereto;
2. The financial statement is not shown to have embraced financial information or facts respecting compliance with conditions established by law or contract; and
3. No language in the certificate indicates that its author was an auditor, accountant or employer of same, or that the firm was composed of or employed experts in accounting or auditing.
The Court based its holding on the provisions of La.R.S. 37:72(A)(2). In brief and oral argument, both parties assert the applicability or non-applicability of that subsection. We do note, however, that the amicus brief of the Society of Louisiana Certified Public Accountants urges that subsection (A)(3) is applicable. Although the language of (A)(3) would appear to prohibit the review function if the term "examination" were to include review, the Board, in its Declaratory Ruling stated that an audit and examination are essentially synonymous.[6] When a statute contains technical words and phrases they "... are to be interpreted according to their received meaning and acceptance with the learned in the art, trade, or profession to *159 which they refer." La.C.C. Art. 15. We must assume that the parties to this litigation are learned in accounting terminology. Since they agree than an "examination" equates with an "audit" and since neither party argues the applicability of same, we conclude that (A)(3) is not applicable to this case.
It is abundantly clear that plaintiffs review falls within the Board's "interpretative" rule, as the rule contains the term, "review". However, we must examine La. R.S. 37:72(A)(2) in detail to determine if the review falls within its meaning.
The fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Clark v. Board of Commissioners, 422 So.2d 247 (La.App. 4th Cir. 1982). It is presumed that the legislature understood the meaning and effect of the words used in a statute and intended to use those words, that every provision has a useful purpose, and that effect is to be given to each provision. Spragio v. Board of Trustees, 468 So.2d 1323 (La.App. 1st Cir.1985), writs denied, 472 So.2d 32. A statute should be construed according to the fair import of its words taken in their usual sense in connection with the context. La.C.C. Art. 14.
A reasonable interpretation of (A)(2) would require the signing of one's name "... to any opinion or certificate attesting in any way to the reliability of any representation... in regard to any person or organization, embracing financial information or facts respecting compliance with conditions established by law or contract,... including regulations ..., together with any wording accompanying ... such... certificate which indicates ... that he is an accountant."
We interpret the overall intent of the Public Accounting Law as protecting the public from the expressions of opinion by persons unqualified in the highly technical profession of accounting. All functions prohibited by the statute and the Board's rules involve the expression of an opinion, certification or attestation. La.R.S. 37:72(A)(2) prohibits signing one's name to any opinion or certificate; (A)(3) prohibits professional services leading to an expression of a written opinion; Rule 1.2.1 prohibits rendering an opinion or statement; and Rule 2.1.2 prohibits services that involves issuing an opinion or certificate.[7] Thus, the thrust of our inquiry is to determine if plaintiffs' review function violates the statute's intended prohibition of an expression of opinion by non-licensed accountants.
The document submitted in evidence by plaintiffs is headed in capital letters "ACCOUNTANTS' REVIEW REPORT", and is signed by a non-licensed accountant. The concluding paragraph provides that the author is "... not aware of any material modifications that should be made to the accompanying financial statements ... to be in conformity with generally accepted accounting principles."
First, the form clearly indicates that the person who signs it is an accountant. Second, despite plaintiffs' argument to the contrary,[8] we hold that the concluding paragraph is an opinion, attestation or certification. The author of the report clearly attests (or certifies or opines) that he is not aware of any modifications that need be made to the documents he has reviewed to conform to general accounting principles. General accounting principles are defined in the Board's rules as "... those standards promulgated by the Financial Accounting Standards Board and its predecessor entities and similar pronouncements issued by other entities having similar generally recognized authority." La.Admin.C. 11-9:1.7.
Considering our interpretation of the overall intent of the Public Accountancy Law, we hold, that insofar as the document entitled "Accountants' Review Report" under *160 consideration in this case is concerned, its use by unlicensed accountants is prohibited by La.R.S. 37:72(A)(2). We also hold that, insofar as they pertain to the review report under consideration herein, the Board's rules are consistent with the statutory definition.
The trial court did not decide the constitutional issues raised by plaintiffs. There are factual determinations that must be made based on the evidence presented in order to address those issues. We decline to consider the constitutional issues at this time because we do not have the benefit of the lower court's determination of those facts. We therefore remand to the trial court for its consideration of those issues.[9]
REVERSED AND REMANDED.
NOTES
[1] La.R.S. 37:71-87
[2] See, La.R.S. 49:963
[3] Those rules are codified in the Louisiana Administrative Code (LAC).
[4] LAC 11-9.2.2.2 now reads as follows:

"The compilation of financial statements as long as an accountant's report is not rendered thereon provided, however, that the following shall not constitute an accountants' report:
The accompanying balance sheet of XYZ Company as of December 31, 19XX and the related statements of income, retained earnings, and changes in financial position for the year then ended have been compiled by me (us).
A compilation is limited to presenting in the form of financial statements information that is the representation of management (owners). I (we) have not audited or reviewed the accompanying financial statements and, accordingly, do not express an opinion or any other form of assurance on them.
Use of the following language is permissable in appropriate circumstances:
Management has elected to omit substantially all of the disclosures (and the statement of changes in financial position) required by generally accepted accounting principles. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the company's financial position, results of operations, and changes in financial position. Accordingly, these financial statements are not designed for those who are not informed about such matters."
[5] See, Statement on Standards for Accounting and Review Services1. (referred to as SSARS-1)
[6] See, Declaratory Ruling dated September 12, 1983 at p. 13.
[7] Of course, falsely designating oneself as a CPA is also prohibited.
[8] Plaintiff argues that it's not an attestation clause, however without its inclusion the Review Report would be meaningless.
[9] Should any part of La.R.S. 37:71, et seq. be held unconstitutional by the trial court, the case would be appealable to the Supreme Court. La. Const. Art. 5, Sec. 5(D).