505 So.2d 744 (1987)
Norman Henry HALL
v.
LOUISIANA STATE RACING COMMISSION.
No. CA-5974.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 1987.
*745 Salvador Anzelmo, and Thomas W. Milliner, New Orleans, for plaintiff/appellee.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Asst. Atty. Gen., John E. Jackson, Jr., Asst. Atty. Gen., New Orleans, for defendant/appellant.
Before BARRY, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
The Louisiana State Racing Commission appeals the lower court ruling which granted appellee, Norman Hall's petition for judicial review, and remanded the case for a rehearing.
Norman Hall, a licensed trainer of race horses, was suspended for a five year period after being found to be a multiple violator of the Commission's medication rule pursuant to LAC 11-6:54.7.[1] During the month of April, 1985, Hall entered five horses in various races at Delta Downs race track. All five horses either wonor finished second in the races they were entered. On April 30, 1985 the Racing Stewards were informed by the State Chemist that the urine samples extracted from each horse after each race tested positive for the prohibited drug, Methadone.
At the May 2nd Steward's hearing, Hall denied any knowledge of Methadone in his horses, and waived his right to have the split samples tested because of the Commission *746 imposed cost of $300.00 per sample. He was suspended by the Stewards for the remainder of the racing period, plus ten days.
A suspensive appeal was granted by the Commission who required a $500.00 deposit for each case, or a total of $2,500.00, all pursuant to Rule 11-6:56.1. At the hearing, Hall objected to the constitutionality of the appeal cost requirement, as well as the cost requirement to have the split sample taken. Hall also requested a continuance in order to take depositions to substantiate his allegations of the unconstitutionality of the cost requirements. The Commission denied his request.
The record shows that the evidence presented against Hall consists of an in globo introduction of the Steward's hearing and the various chemists' reports. The Commission did not swear in any witnesses, but based its decision on the documentary evidence submitted.
Without deciding the legality of the Commission's cost requirements for a split sample and appeal, the trial court concluded that the evidence submitted was "... incompetent and inadmissible ... by any standard." The matter was remanded "... reserving to both parties the right to introduce... any evidence or law on the issues raised by appellant herein."
The Commission argues that its in globo introduction into evidence of its entire file was proper and sufficient to substantiate its holding. In support thereof, they rely on La.R.S. 49:956(2) and Fisher v. La. State Bd. of Medical Examiners, 352 So.2d 729 (La.App. 4th Cir.1977), writ refused, 353 So.2d 1338 (La.1978). R.S. 49:956(2) provides:
"All evidence, including records and documents in the possession of the agency of which it desires to avail itself, shall be offered and made a part of the record, and all such documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference. In case of incorporation by reference, the materials so incorporated shall be available for examination by the parties before being received in evidence."
Fisher, supra, upheld the admissibility of certain hearsay evidence in a hearing to revoke a physician's license. However, the Court's affirmation of the revocation was based on the physician's admission of guilt to at least one charge filed against him.
We do not disagree with the principle that hearsay evidence, which possesses probative value, may be submitted at an administrative hearing, nor do we dispute the fact that the agent's records and reports may be introduced into evidence. However, in the case before us we are concerned with the problem of a trainer being suspended for five years on a finding based only on hearsay documentary evidence. There was no other competent evidence submitted, only the Steward's findings, and the State Chemist's reports.[2]
La.R.S. 49:955 provides the procedural due process safeguards of an administrative hearing. The fundamental requirements of notice, hearing and the right to respond and present evidence are incorporated therein. Of particular importance is paragraph (C) which provides:
"Opportunity shall be afforded all parties to respond and present evidence on all issues of fact involved and argument on all issues of law and policy involved and to conduct such cross-examination as may be required for a full and true disclosure of the facts." (emphasis added)
Implicit in all administrative hearings is the necessity to reach a true disclosure of the facts in order to prevent arbitrary decisions. The Courts have the ultimate duty to make the determination of whether or not the findings are supported by sufficient evidence. Hanson v. La. State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir.1983) writ denied, 443 So.2d 592 (La. 1983).
When a report is received from the State chemist reflecting his expert opinion that *747 the chemical analysis indicates the presence of a forbidden narcotic or stimulant, this is taken as prima facie evidence that such has been administered to the horse in question. LAC 11-6:53.15. The burden then shifts to the trainer to rebut that presumption. Failure to do so results in "absolute" liability on the trainer's part.
LAC 11-6:53.18.
In the case before us Hall raised several issues before the Commission. A continuance, requested to obtain evidence on the issue of the legality of the fees and costs, was denied. Hall did not receive notice that he was charged with violating the "multiple offender" rule. LAC 11-6:54.7. Furthermore, he had no opportunity to cross-examine the chemist who performed the tests, nor question his expertise. The Commission argues that under the "absolute insurer rule" the burden is placed on the trainer to exculpate himself, and therefore they (the Commission) need not produce any evidence other than what was offered in this case. We disagree. A trainer's license is a property right, and basic due process requirements must be satisfied. See, Olbrych v. La. State Racing Commission, 451 So.2d 1253 (La.App. 4th Cir.1984). The totality of the evidence against Hall was documentary and hearsay. Under the circumstances of this case, we find no error in the trial court's decision to remand for rehearing.
By this holding we do not intend to imply that hearsay evidence is inadmissible, or that documentary evidence is incompetent in an administrative hearing. Certainly they can be used, along with other competent evidence to reach a true factual finding. However, where a finding is based solely on this type of evidence and where an adverse party is not able to inquire into the very basis of that evidence, both substantive and procedural due process is violated. At the very least Hall should have had the opportunity to cross examine the only evidence used against him.
The constitutional issues raised by Hall were not addressed by the trial court. The record is barren of any evidence upon which a decision could be made concerning the alleged arbitrariness of the costs and fees. Where a lower court fails to address constitutional issues and there is no evidence upon which this Court can properly decide the issue, a remand is proper. Accountants' Ass'n of Louisiana v. State, 487 So.2d 155 (La.App. 4th Cir.1986) writ denied, 492 So.2d 1219 (La.1986).
The judgment of the lower court is affirmed.
AFFIRMED.
NOTES
[1] LAC 11-6:54.7 provides in part:

"Any permittee of this Commission who has violated any medication rule at least three times, the third time being after October 1, 1984, shall be suspended for a period of five years and denied access to all race tracks under the jurisdiction of the Commission."
[2] There was only one witness sworn who testified very vaguely about the effects of the drug methadone.