506 So.2d 634 (1987)
Amos LABORDE, Jr., Dennis Dettwiller and John Pujol
v.
LOUISIANA STATE RACING COMMISSION.
No. CA-5973.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1987.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Asst. Atty. Gen., John E. Jackson, Jr., Asst. Atty. Gen. and Atty. for the Louisiana State Racing Com'n, New Orleans, for defendant-appellant.
Thomas L. Giraud, Charles A. Verderame, Giraud, Cusimano & Verderame, New Orleans, for appellees.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by the Louisiana State Racing Commission ["Commission"] from a decision by the district court remanding *635 three cases to the Commission for further proceedings.
This appeal concerns the disciplinary actions taken by the Commission against three horse trainers. The Commission asserts that all three men trained horses which tested positive for Apomorphine, a prohibited drug, after a race.
By statute and under Commission rules, a trainer is an absolute insurer of the condition of his horse, and if a prohibited substance is found present in a horse, there is a prima facie case that the trainer was negligent. La.R.S. 4:150(A); LAC 11-6:53:18. After the horses tested positive, a Steward's hearing was held at which the only evidence introduced by the commission was the chemist's reports.. None of the trainers offered evidence to overcome the prima facie evidence of their negligence. The trainers were granted a suspensive appeal from the Stewards' imposition of disciplinary action to the Commission. The record and file on each action were incorporated into the appeal record.
At the hearing, the trainers attempted to introduce evidence through examination and cross-examination of witnesses about the procedure by which the horses were tested. The Stewards refused to allow the introduction or even the proffer of evidence by the plaintiffs. The Commission imposed the following penalties: (1) LaBorde was fined $1,500.00 and suspended for one year; (2) Dettwiller was suspended for ninety days; and (3) Pujol was suspended for ninety days. Plaintiffs then appealed to the Civil District Court.
The Civil District Court remanded the case to the Commission for a full evidentiary hearing. The court found that plaintiff did not have a "meaningful hearing, within the scope of procedural due process, before the Commission." The Commission appealed this ruling to this court. We affirm.
In Hall v. Louisiana State Racing Commission, 505 So.2d 744 (La.App. 4th Cir. 1987), this court considered almost identical facts. In Hall, as in this case, a trainer was disciplined as a result of a prohibited drug being found in horses which he had raced. The Commission introduced only the chemists' reports and the stewards' findings. As in this case, the Commission argued that on the basis of the "absolute insurer" rule it was not required to produce any other evidence. This court held:
By this holding we do not intend to imply that hearsay evidence is inadmissible, or that documentary evidence is incompetent in an administrative hearing. Certainly they can be used, along with other competent evidence to reach a true factual finding. However, where a finding is based solely on this type of evidence and where an adverse party is not able to inquire into the very basis of that evidence, both substantive and procedural due process is violated. At the very least [the trainer] should have had the opportunity to cross examine the only evidence used against him.
505 So.2d at 747.
This court upheld the remand to the Commission.
We are compelled to follow the decision of this court in Hall and uphold the action of the district court. We note that the "absolute insurer" rule will limit to an extent the relevant evidence that can be introduced at a Commission hearing.
Plaintiffs also argue that the absolute insurer rule is unconstitutional. We find that argument to be without merit. Owens v. Louisiana State Racing Commission, 466 So.2d 764 (La.App. 4th Cir. 1985).
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.
SCHOTT, J., concurs with reasons.
SCHOTT, Judge, concurring:
The trial judge remanded the case to the Racing Commission primarily because the plaintiffs were prevented from examining witnesses called for the purpose of defending against the record of the stewards' hearing and the chemist's report which were placed in evidence. I heartily agree with this aspect of the trial court's judgment because the Commission clearly violated *636 plaintiffs' rights to "present evidence on all issues of fact involved" as prescribed by R.S. 49:955(C).
On the other hand, I do not agree with the trial judge insofar as he implied that the Commission did not present a prima facie case and shift the burden to plaintiffs when it introduced its record of the stewards' hearing and reports. Nonetheless, I recognize that we are bound by this court's decision in Hall v. Louisiana State Racing Commision, 505 So.2d 744 (La.App. 4th Cir.1987) which required the Commission to make the chemist who made the report available for cross examination at the hearing.
I respectfully disagree with my colleagues who sat on the Hall case. R.S. 49:956(2) and (3) specifically authorize the Commission to place its record in evidence and R.S. 49:956(3) requires only that parties "be afforded an opportunity to contest the material so noticed." To me this means the Commission may offer the record of the stewards' hearing and chemists's report and rest. The burden is then upon the party to call his witnesses and produce any other evidence he deems fit to contest the record. If he wishes he should be afforded the opportunity to call the chemist for cross examination, but it should not be encumbent on the commission to produce this witness in its case against the party.