GARRISON, Judge.
The appellant, Wally Barkley, was the holder of a trainer’s license issued by the defendant, the Louisiana State Racing Commission. On April 30, 1985, a post race urine analysis of two horses trained by appellant tested positive for a prohibited drug, apomorphine. On May 10, 1985 a hearing was held before the Racing Stewards and for financial reasons, the appellant waived his right to have another test conducted on the remaining urine samples of the two horses. Therefore, in accordance with a commission rule stating that a trainer is the absolute insurer of the condition of horses trained by him, the appellant's trainer’s license was suspended, effective immediately. Appellant then sus-pensively appealed the Steward’s ruling to the Racing Commission. The deposit required for this appeal was $1,000.00, $500.00 for each ruling. At the Commission hearing, the appellant offered no evidence. Therefore, because the appellant had prior violations of the prohibited medication rule, the Commission revoked appellant’s license in accordance with a Commission rule allowing for penalty enhancement for persons with multiple violations of that rule.
The appellant then appealed to the State District Court for Orleans Parish. After reviewing the evidence and memoranda, the trial judge affirmed the decision of the Louisiana State Racing Commission. In his reasons for judgment, the trial judge stated that the rights of the petitioner were not violated and that the rules of the Louisiana State Racing Commission are constitutional, are not contradictory and are not violative of state law. Appellant now appeals the decision of the district court.
On appeal, the appellant attacks the constitutionality of several Louisiana State Racing Commission Rules. Specifically, appellant claims that the following rules amount to a denial of due process of law:
1) Rule 11-6:53.37-1, which requires the immediate deposit of $300.00 for a referee urine analysis;
2) Rule 11-6:56, which requires the immediate deposit of $500.00 for a suspen-sive appeal of the decision of the Racing Stewards to the Racing Commission;
*581 3) Rule 11-6:54.7, which provides for an enhanced penalty for the offender if he has prior violations of the medication rule.
In a recent case before this Court, Hall v. Louisiana State Racing Commission, 505 So.2d 744 (La.App. 4th Cir.1987), the plaintiff challenged the constitutionality of the rules challenged by the present plaintiff. However, neither the trial court nor this Court addressed these issues because both courts found that the plaintiffs due process rights had been violated in another way. Specifically, this Court agreed with plaintiff’s argument that the suspension of his license based upon nothing more than the commission’s in globo introduction of evidence, without any foundational testimony or opportunity for cross-examination, deprived him of his right to due process. This Court stated in the Hall decision that:
“By this holding we do not intend to imply that hearsay evidence is inadmissible, or that documentary evidence is incompetent in an administrative hearing. Certainly they can be used, along with other competent evidence to reach a true factual finding. However, where a finding is based solely on this type of evidence and where an adverse party is not able to inquire into the very basis of that evidence, both substantive and procedural due process is violated. At the very least Hall should have had the opportunity to cross-examine the only evidence used against him.”
As in the case of Norman Henry Hall, the present plaintiff’s trainer’s license was suspended solely on the basis of the Commission’s in globo introduction of documentary evidence. Although the plaintiff does not allege insufficiency of evidence as a specification of error in his appeal, this Court is empowered to render any decision which is just, legal and proper upon the record on appeal. LSA-C.C.P. art. 2164. Therefore, because we find that the plaintiff’s right to due process was violated, we remand this case to the Commission for rehearing with both parties allowed the opportunity to introduce evidence after establishing a proper foundation and to cross-examine that evidence.
Because this case is being remanded to the Commission for rehearing, we preter-mit a ruling on the constitutionality of the Racing Commission rules challenged by the plaintiff.
REMANDED FOR REHEARING.