CIACCIO, Judge.
The Louisiana State Racing Commission appeals a district court judgment which granted Heinz Y. Miller’s petition for judicial review and remanded the case for a rehearing. We affirm.
The issue in this case is the same as the issue resolved in Hall v. Louisiana State Racing Commission, 505 So.2d 744 (La.App. 4th Cir.1987): does a Commission ruling based entirely on documentary hearsay evidence, the basis for which the adverse party is not able to inquire into, violate minimum due process standards. Hall holds such a ruling does violate minimum due process, and affirms a district court remand for rehearing. After en banc consideration of the issue, this court decided to adhere to the reasoning and conclusion of Hall
Heinz Y. Miller was the trainer of the horses Grand Gunter and Don’t Whisper. Grand Gunter was entered and raced in the seventh race on June 6, 1985, at Jefferson Downs. Don’t Whisper was entered and raced in the sixth race on June 12, 1985, at Jefferson Downs.
In their initial post-race urine tests, each horse tested positive for apomorphine. A stewards’ hearing was held on each positive finding, after which Mr. Miller requested that referee or split samples of the remainders of the urine specimens be analyzed by Truesdail Laboratories, Inc. in Tustin, California. The split samples also tested positive for apomorphine.
The State chemist’s reports on the initial post-race urine tests were made a part of the appropriate record of the corresponding Stewards hearing. The Truesdail Laboratories reports were placed in the appropriate Commission file on each case. In each case, on appeal before the Commission, Commission counsel offered and filed into evidence the entire Commission file which in each case contained the two corresponding chemical-analysis reports. The only other evidence was the testimony of Steward Ronnie Nash who identified and authenticated the record and report from each Stewards’ hearing; he provided no probative information based upon personal knowledge.
As to the introduction of the entire Commission file pertaining to the first case, counsel for Mr. Miller made no objection. Counsel made a general, unsupported objection to the similar in globo offer of the entire Commission file pertaining to the second case. Seeking judicial review from the district court, Mr. Miller raised the pertinent due process issue as to both cases, and the court ordered a remand as to both cases.
In this case as in Hall the totality of the evidence was documentary and hearsay. Following Hall, we find no error in the district court’s order to remand for rehearing. Accordingly, we affirm the district court judgment.
AFFIRMED.
WARD, J., concurs and assigns reasons.