580 So.2d 469 (1991)
Paul HOLTHUS, et al.,
v.
LOUISIANA STATE RACING COMMISSION.
No. 90-CA-2009.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
James P. Bodenheimer, Bodenheimer, Jones, Klotz & Simmons, Shreveport, for plaintiffs-appellees.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett and John J. Jackson, Jr., Asst. Attys. Gen., New Orleans, for defendant-appellant.
*470 Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
SCHOTT, Chief Judge.
Plaintiffs are persons who are licensed by the defendant pursuant to LSA-R.S. 4:150 to perform various services at racetracks under the jurisdiction of defendant. Defendant adopted regulations requiring licensees to submit to random drug testing. On plaintiffs' petition the trial court granted a preliminary injunction against defendant from implementing the regulations and defendant has appealed. The principal issue is whether implementation of the regulations constitutes a violation of plaintiffs' Fourth Amendment rights under the United States Constitution.
The case was presented to the trial court on a stipulation of facts beginning with the adoption by the defendant of rules, regulations and policies on Human Drug Testing. These provide in part as follows:
A. No person licensed by the commission shall use any controlled dangerous substance as defined in the "Louisiana Controlled Dangerous Substance Act," R.S. 40:961 et seq., or any prescription legend drug, unless such substance was obtained directly, or pursuant to a valid prescription or ordered from a licensed physician, while acting in the course of his professional practice. It shall be the responsibility of the person licensed by the commission to give notice to the state steward that he is using a controlled dangerous substance or prescription legend drug pursuant to a valid prescription or order from a licensed physician when requested. Failure of a licensed person to secure a written prescription from his doctor or physician within 10 days of being notified by the stewards of a finding for a prescription drug shall be treated as a positive and having the person subject to a penalty as contained herein.
B. Every person licensed by the commission at any licensed racetrack may be subjected to a urine test, or other non-invasive fluid test at the discretion of the state steward in a manner prescribed by the commission. Any licensed person who fails to submit a urine test when requested to do so by the state steward shall be liable to the penalties provided in R.S. 4:141 et seq. and/or the Rules of Racing.
Guidelines and safeguards are built into the testing program to ensure random selection of subjects. All licensees of the commission except owners who are not trainers are subject to the submission of urine samples.
In granting the preliminary injunction the trial judge gave the following reasons for judgment:
The petitioners, employees of various race tracks, seek to enjoin the random drug testing of such employees by the Louisiana State Racing Commission. While it is clear that employers have the right to require drug tests of their employees, the Racing Commission is not an employer, but is a state licensing agency.
When determining whether a search is reasonable under the Fourth amendment, one must balance the governmental interest with the degree of intrusion on an individual's right to privacy. In the case of the race track employees whose jobs are unrelated to the actual race, (i.e. office personnel, etc.) I cannot perceive a valid basis for random drug testing.
In the case of riders and trainers, I would have thought that public concern for safety would be a sufficient basis for the tests. However, the Supreme Court held in State v. Church, 538 So.2d 993 (La.1989), that drivers of automobiles could not be subjected to random tests for drugs or alcohol. Clearly, automobile drivers under the influence of drugs driving on public streets pose a much greater threat to society than jockeys on a race track, and if drivers do not have to submit to random testing, neither should riders and trainers.
Louisiana has a vital interest in maintaining the integrity of the horse racing industry which requires close and constant supervision in order to avoid the spread of corrupt, dishonest, and unprincipled horse racing practices. LSA-R.S. 4:141; Pullin v. Louisiana State Racing Commission, 484 So.2d 105, 108 (La.1986). This is the governmental interest which one *471 must balance against the licensees' Fourth amendment rights, as well as their right to privacy under Art. 1, § 5 of the Louisiana Constitution. The trial court erred in failing to consider this legitimate governmental interest and in limiting its consideration to governmental interest in safety.
In Shoemaker v. Handel, 795 F.2d 1136 (3rd Cir.1986), the court was faced with a Fourth amendment attack by jockeys on New Jersey racing regulations requiring random drug testing for "every official, jockey, trainer, and groom". These regulations, though not applicable to all licensees as are the ones at issue, are otherwise the same. The court readily concluded that, considering the state's interest in protecting the integrity of the horse racing industry, the random testing of these individuals did not violate their Fourth amendment rights. For the same reason the defendant's regulations are not in violation of the Fourth amendment.
The right to privacy under Art. 1, § 5 of the Louisiana Constitution is broader than the right against unreasonable search and seizure under the Fourth amendment. Nevertheless, we conclude that the Shoemaker reasoning applies to plaintiffs' attack on the regulations based upon the state constitution.
Accordingly, the judgment appealed from is reversed and set aside; the preliminary injunction is dissolved, and plaintiffs' case is dismissed at their cost.
REVERSED AND RENDERED.