611 So.2d 742 (1992)
Kenneth BOURQUE
v.
LOUISIANA STATE RACING COMMISSION.
No. 92-CA-0049.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
F. Irvin Dymond, Dymond, Crull & Castaing, New Orleans, and Richard V. Dymond, Kelly C. Walker, Gulfport, MS, for plaintiff-appellant Kenneth Bourque.
Richard Ieyoub, Atty. Gen., Baton Rouge, and John E. Jackson, Jr., Asst. Atty. Gen., New Orleans, for defendant-appellee, Louisiana State Racing Com'n.
Before SCHOTT, C.J., and KLEES and WALTZER, JJ.
KLEES, Judge.
The appellant, Kenneth Bourque (Bourque), appeals the district court's dismissal of his petition for judicial review of the State Racing Commission's fifteen year suspension of his jockey's license. After a review of the evidence and applicable law, we remand the case to the Louisiana State Racing Commission for rehearing.
*743 Bourque was issued his jockey's license under the jurisdiction of the State Racing Commission (Commission) and worked at the Fair Grounds Race Track in New Orleans. On January 4, 1991, Bourque was randomly selected to submit to a drug test pursuant to the Rules of Racing. Bourque submitted a urine sample that was shipped to LSU School of Veterinary Medicine in Baton Rouge for analysis.
Two weeks later, Bourque was notified by the State Steward that his sample had tested positive for the presence of cocaine. The Steward's hearing resulted in Fair Grounds Ruling Number 166 whereby Bourque was suspended for six months for violation of LAC 35:1791 of the Rules of Racing for testing for dangerous substance abuse; this constituted his fourth violation of this regulation. Bourque's case was referred to the Racing Commission for further action with the recommendation that the suspension be continued for fifteen years. At the hearing on the matter, the Racing Commission affirmed the Steward's findings, suspended Bourque's license for fifteen years, and required Bourque to enter a Commission-approved drug rehabilitation program. Additionally, Bourque is denied all privileges of, and access to, all race tracks, training tracks and off-track wagering facilities under the jurisdiction of the Commission during suspension.
Bourque petitioned the district court for judicial review, alleging that the Commission's suspension was unconstitutional. The district court dismissed Bourque's petition on the grounds that the constitutionality of the Commission's drug testing policy was resolved in Holthus v. Louisiana State Racing Commission, 580 So.2d 469 (La.App. 4th Cir.1991), writ denied, 584 So.2d 1162 (La.1991). In Holthus this Court held that the Racing Commission's random drug testing regulations did not violate the licensees' Fourth Amendment rights under the United States Constitution or their privacy rights under Art. 1, Section 5 of the Louisiana Constitution. It is from this dismissal that Bourque perfects his appeal alleging that the Commission hearing, resulting in the suspension of his license, deprived him of his fundamental due process rights.
Procedural due process safeguards of an administrative hearing are found in the Louisiana Administrative Procedure Act (LAPA). La.R.S. 49:950 et seq. The fundamental requirements of notice, hearing, and the right to respond and present evidence are incorporated in LAPA. In particular, La.R.S. 49:955(C) provides:
Opportunity shall be afforded all parties to respond and present evidence on all issues of fact involved and argument on all issues of law and policy involved and to conduct such cross-examination as may be required for a full and true disclosure of the facts.
Implicit in all administrative hearings is that true disclosure of the facts is necessary to prevent arbitrary decisions. Although the reasonable discretion of the administrative body will not be set aside absent an abuse of discretion, reviewing courts have the ultimate duty to make the determination of whether the findings are supported by sufficient evidence. Hanson v. La. State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir.1983), writ denied, 443 So.2d 592 (La.1983). Under Louisiana jurisprudence, administrative findings must be set aside if supported only by hearsay evidence since the claimant is not afforded a fair opportunity to rebut or cross-examine, the offending documents. Thigpen v. Administrator, Office of Emp. Sec., 488 So.2d 1213, 1215 (La.App. 4th Cir.1986), citing, Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir.1962).
In a case before this Court, Hall v. Louisiana State Racing Commission, 505 So.2d 744 (La.App. 4th Cir.1987) the suspension of a racehorse trainer's license based upon nothing more than the Commission's in globo introduction of evidence, without any foundational testimony or opportunity for cross-examination, was held to deprive him of his right to due process. In Hall, the Racing Commission suspended a racehorse trainer's license following a positive drug test of his horse's urine sample. At the hearing, the Commission did not swear in any witnesses, but based its *744 decision solely on the record of the Steward's hearing and various chemists' reports. This Court in Hall stated:
By this holding we do not intend to imply that hearsay evidence is inadmissible, or that documentary evidence is incompetent in an administrative hearing. Certainly they can be used, along with other competent evidence to reach a true factual finding. However, where a finding is based solely on this type of evidence and where an adverse party is not able to inquire into the very basis of that evidence, both substantive and procedural due process is violated. At the very least Hall should have had the opportunity to cross-examine the only evidence used against him.
As in the case of Hall, Bourque's jockey's license was suspended solely on the basis of the Commission's in globo introduction of documentary and hearsay evidence. At the hearing, the Commission introduced Bourque's file containing the State Chemist's report and findings. In addition, the Commission introduced the testimony of the State Steward, the State Chemical Inspector, and the State Chemist to attest to the information contained in Bourque's file. However, the State Chemical Inspector, Mr. Earl Lahare, is the only witness who provided probative information based upon personal knowledge. Lahare testified as to collecting, sealing, and delivering the sample to the bus that transported the sample to LSU's laboratory in Baton Rouge. The Commission did not offer any live testimony detailing the actual receipt and testing of the sample at the laboratory. The State Chemist, Dr. Steven A. Barker, testified as to the general receiving and testing procedures taken at the LSU laboratory, and he confirmed that Bourque's sample was reported to have been received in good condition. However, Dr. Barker's testimony is largely hearsay because he did not personally receive, handle, or test the sample in question. The Commission did not offer any further testimony to confirm that the Racing Commission's security procedures were followed; thus, Bourque was denied the opportunity to cross-examine the only evidence introduced against him, specifically, the positive test results. After reviewing the record of the Racing Commission's hearing, we find that the minimal standards of due process were not met.
Because we find that Bourque's right to due process was violated, we remand this case to the Racing Commission for rehearing with both parties allowed the opportunity to introduce evidence after establishing a proper foundation and to cross-examine that evidence.
REVERSED AND REMANDED FOR REHEARING.