Dear Representative Lalonde:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub, which has been assigned to me for response. You ask whether a plan instituted by a government agency to perform random drug testing on public employees or private individuals raises any constitutional questions.
The brief answer to your inquiry is yes, privacy concerns are implicated by the state imposition of random drug testing. Federal and state jurisprudence defining the constitutional limitations surrounding warrantless searches of an individual are numerous and complex. However, this office has previously examined this area of the law in two lengthy and well-written opinions, which we refer you to for a comprehensive analysis of this topic. See enclosed Attorney General Opinions 86-539 and 87-741.
Addressing your inquiry, note that the Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures by government officials. The amendment is made applicable to the states through the Fourteenth Amendment of the United States Constitution. Mapp v. Ohio, 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
The U.S. Supreme Court has held that a "compelled intrusion into the body for blood to be analyzed for alcohol content" must be deemed a search for purposes of theFourth Amendment. Skinner v. Railway Labor Executives' Association,489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639(1989). The federal constitution prohibits only unreasonable searches and seizures. The test determinative of reasonableness is "judged by balancing its intrusion on the individual's Fourth Amendment interest against its promotion of legitimate governmental interests." Skinner, supra, at 1414.
In Romaguera v. Gegenheimer, 798 F. Supp. 1249 (E.D. La. 1992), the federal court upheld under the federal constitution the random drug testing of those clerk of court employees who operated motor vehicles, and those employees who had direct and unsupervised access to drugs. The court in Romaguera, however, invalidated the random drug testing of other employees who had only potential access to drugs, or had no unsupervised access to court evidence. The court further found random drug testing unjustified with respect to employees who only handled cash or only operated computer equipment.
LSA-Const. Art. I, Section 5 protects individuals from "unreasonable searches, seizures, or invasions of privacy". Our state constitutional provision affords a higher standard of liberty than that afforded by the federal constitution. State of Louisiana v. Victor Church, 538 So.2d 993 (La. 1989), at 996.
The reasonableness of random testing under the state constitution must meet higher standards of individual liberty, as our state "declaration of rights does not duplicate theFourth Amendment". Church, supra, at 996. The issue is fact-sensitive, and in our opinion must be addressed on an individual case-by-case basis.
Recent jurisprudence in our state has upheld random drug testing instituted by the State Racing Commission. See Phelps v. Louisiana State Racing Commission, 611 So.2d 739 (La.App. 4 Cir. 1992); see also Holthus v. Louisiana State Racing Commission, 580 So.2d 469 (La.App. 4 Cir. 1991); writ den.,584 So.2d 1162 (La. 1991).
Further, a state appellate court has upheld a ruling of the civil service commission discharging an employee for his failure to submit to a urinalysis test. However, this case may be distinguished from the situation involving random testing, as the court concluded that the state employer had a reasonable suspicion that the employee was involved in the use of illegal drugs prior to the imposition of the drug test. See Banks v. Department of Public Safety and Corrections, 598 So.2d 515
(La.App. 1st Cir. 1992).
The court in Phelps, supra, noted that the program instituted by the racing commission should be further reviewed by the Louisiana Supreme Court in light of recent legislation adopted by the state controlling drug testing by public entities. This legislation is codified within the provisions of LSA-R.S. 49:1001, et seq. LSA-R.S. 49:1015 limits a program of random drug testing to safety-sensitive or security-sensitive positions and provides, in part:
 "C. A public employer may implement a program of random drug testing of those employees who occupy safety-sensitive or security-sensitive positions. . . ."
The court in Romaguera, supra, refused to address the question of the constitutionality of LSA-R.S. 49:1015, stating:
 The plaintiffs further challenge the constitutionality of LSA-R.S. 49:1015, which provides in pertinent part that a public employer may require, as a condition of continued employment, drug testing post-accident, pre-employment, for monitoring purposes when there is a return-to-duty following drug rehabilitation, and randomly for those who occupy safety-sensitive or security-sensitive positions. Since the statute does not define these terms, leaving that to the jurisprudence, and the focus of plaintiff's case was the manner in which the Clerk of Court attempted to define the terms, the court finds that the constitutionality challenge to be unnecessary and thus that issue will not be reached." Romaguera, supra, at 1260.
We agree with the opinion of the court that it is within the province of the judiciary to determine the constitutionality of the statute concerning random drug testing. Statutes are presumed to be constitutional and it is the duty of the court to uphold the constitutionality of statutes whenever it can reasonably do so. In the interest of the Minor Child, J.M.,590 So.2d 565 (La. 1991) at 570.
We enclose for your further reference copies of the Attorney General Opinions cited herein. If you have other questions in which we may be of assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0249E