643 So.2d 841 (1994)
Michael SCIORTINO
v.
DEPARTMENT OF POLICE.
No. 94-CA-0356.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
*842 Frank G. DeSalvo, New Orleans, for plaintiff/appellant.
Robert Early, Asst. City Atty., Phillip Ciaccio, Chief of Civ. Litigation, Avis Marie Russell, City Atty., New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
SCHOTT, Chief Judge.
This is an appeal from a decision of the Civil Service Commission of the City of New Orleans affirming appellant's dismissal from the New Orleans Police Department for testing positive for marijuana. Appellant was a seventeen year veteran policeman whose superior officers attested to his good record. The issue is whether appellant was denied due process when he was prevented from having an independent test performed on his urine sample and was denied the right to cross-examine the lab technician who performed the tests on urine samples which were purportedly his and were reported by the technician to be positive.
On the night of February 4, 1992, appellant was ordered to submit a urine sample for a random drug screening. The sample was collected by Marine Medical and sent to Laboratory Specialists, Inc. (LSI) via courier. When it arrived at LSI, its technician checked the signature and matching social security number and assigned a laboratory accession number to the sample.
Patricia Pizzo, director of Toxicology and Vice President of Technical Affairs at LSI, testified that parts of the urine sample were run through four different tests and were found to be positive for marijuana. She stated that her laboratory runs tests on seven to eight hundred samples per day and her involvement with this particular case was to act as certifying officer. In this capacity she reviewed the print-out which was brought to her attention by the lab technician who actually performed the test. This lab technician is the person who actually placed the samples in the machines which generated the positive results and brought them to her attention for review.
The results were sent to the City's medical officer, on February 10, 1992, but the report of the medical officer confirming the test results was not forwarded to appellant's commanding officer and made known to appellant until March 9. Appellant testified that he requested that a portion of the sample be made available to him for an independent test, but this request was denied. Ms. Pizzo testified that she could not make a sample available to appellant because she was instructed by the Civil Service Commission not to do so. At some later date after appellant's suspension on March 9, he was informed by Captain Aschebrock of the Police Internal Affairs Division that the sample at LSI had deteriorated and was no longer suitable for testing. This, despite Pizzo's testimony that these samples are frozen and kept for a year for the very purpose of enabling someone to have an independent test performed on a sample.
Appellant argues that he was denied fundamental due process because he was deprived of the opportunity to have the sample tested on his own; he was denied the right to cross examine the technician who tested the sample, and to question whether the sample tested was his own. We have concluded that these arguments have merit and that appellant was deprived of fundamental fairness and due process in the way the case against him was prepared and presented before the Commission by the Appointing Authority.
The applicable legal principles have been provided by this court in Bourque v. Louisiana State Racing Com'n, 611 So.2d 742 (La.App. 4th Cir.1992) and Hall v. Louisiana State Racing Com'n, 505 So.2d 744 (La.App. 4th Cir.1987). In those cases the court recognized that the hearsay rule is relaxed in administrative hearings, but also observed:
.... However, where a finding is based solely on this type of evidence and where an adverse party is not able to inquire into *843 the very basis of that evidence, both substantive and procedural due process is violated. At the very least [appellant] should have had the opportunity to cross examine the only evidence used against him.
In the present case the file from LSI was introduced on the basis of the testimony of Mrs. Pizzo. It was this file alone which established that appellant's urine sample tested positive for marijuana. However, there is no evidence whatsoever to establish that it was appellant's urine which was tested. The record establishes only that his sample was at the laboratory and was probably tested along with at least 700 other samples. But the one witness who could have established that appellant's sample was tested and was found to be positive was not produced. What the court said in Bourque with respect to the State Chemist applies to Ms. Pizzo:
".... she did not personally receive, handle, or test the sample in question."
In accordance with Hall and Bourque due process was denied appellant when he was denied the opportunity of confronting this lab technician at the hearing.
In Bourque the court remanded the case to the Racing Commission in order to provide the appellant with the opportunity to cross-examine the evidence. In the present case this solution is inadequate because appellant's rights were violated when he was deprived of the opportunity to have his urine sample independently tested. He requested such a test as soon as he learned of the results. This was over a month after the sample was collected. The City's medical officer got the results just six days after the sample was collected, but there is no explanation for the delay in notifying appellant. On instructions from the Commission, LSI would not provide appellant with his sample. Finally, when the Appointing Authority appeared to be willing to provide appellant with the sample, he was advised that the sample had deteriorated. The record does not explain how this happened in the light of Pizzo's testimony that all samples are frozen and preserved for a year for the very purpose of enabling someone in appellant's position to have the sample tested. These circumstances demand an outright reversal of the Commission's decision.
Accordingly, the decision of the Civil Service Commission of New Orleans upholding appellant's dismissal by the Department of Police is reversed and appellant is restored to his position.
REVERSED AND RENDERED.