JJTRBY, Judge.
Defendant/Appellant, Gary Guggenheim, appeals the finding of the Civil Service Commission upholding Mr. Guggenheim’s termination from the New Orleans Police Department.
STATEMENT OF THE FACTS
On June 22, 1996, the New Orleans Police Department (“NOPD”) terminated Police Officer Gary Guggenheim (“ Appellant”) for testing positive for marijuana metabolites after he was randomly selected to be screened by the NOPD. Prior to the termination, the NOPD had disciplined Appellant only once before, a one-day suspension, in his fifteen years on the job. Appellant had never exhibited signs of using drugs on the job.
Appellant explained to the NOPD in his Public Integrity Division statement and at his Civil Service hearing that the reason he tested positive for marijuana was because he had attended a Rod Stewart concert at the Lakefront Arena and he | ¡.could smell marijuana in the vicinity. Thus, he alleged the passively inhaled smoke caused the drug test to indicate a positive reading.
More importantly, at the Civil Service hearing the NOPD failed to produce a critical witness in attempting to establish the chain of custody. Ms. Hoan Nguyen, who aliquoted Appellant’s urine sample to perform the gas chromatograph/mass spectrometer testing (a procedure that is used to confirm a positive reading) never appeared, despite the fact that hearings on Appellant’s appeal had been going on for five months. Thus, the “litigation package” was not admitted into evidence, but was proffered by the NOPD instead.
On September 13,1999, the Civil Service Commission upheld Appellant’s termination. Even though the Commission recognized the “procedural difficulties in the chain of custody,” it concluded that the NOPD proved that Appellant tested positive for marijuana, saying that “the Commission’s decision is governed by the Burckel appeal to the Fourth Circuit wherein the preponderance of the evidence has to show culpability.” And according to the Commission, “[t]he fact remains that Appellant’s urine sample came back positive for marijuana metabolites.” Furthermore, “[ejxpert testimony in the record reveals a positive test for marijuana could result from the passive inhalation of smoke is highly unlikely[....]”
*754 LEGAL ANALYSIS
An employee with permanent status in the classified civil service, like Officer Guggenheim, may be disciplined only for cause expressed in writing. La. laConst. Art. X, section 8(A); Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984). “Cause” exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). Stated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious, unless there is a real and. substantial relationship between the improper conduct and the “efficient operation” of the public service. Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983). The Appointing Authority, in this case the NOPD, must prove to the appropriate Civil Service Board, by a preponderance of the evidence, that this correlation exists. Neff v. City Planning Commission, 95-2324 (La.App. 4 Cir. 9/11/96), 681 So.2d 6, 7, writ denied, 96-2465 (La.12/6/96), 684 So.2d 934; Blappert v. Department of Police, 94-1284 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339, 1342.
Once the Civil Service Board (in this case the Civil Service Commission) makes its ruling, either party may appeal to the appellate court for a review of that ruling. La. Const. Art. X, section 12(B).
In this case we find legal error insofar as Defendant’s Due Process rights were abridged by the defects presented in the chain of custody.
In Burckel v. Department of Fire, 97-0635 (La.App. 4 Cir. 9/17/97), 700 So.2d 553, we concluded that the Fire Department proved that the appellant was intoxicated and thus, violated departmental rules, even though the department failed to introduce the results of appellant’s blood alcohol test. We said:
|4“This is not a case in which the only evidence of substance abuse is a random blood or urine test, such as Sciortino v. Department of Police, 94-0356 (La.App. 4 Cir. 9/29/94) ], 643 So.2d 841, or Bourque v. Louisiana State Racing Commission, 611 So.2d 742 (La.App. 4 Cir. 1992). Blood alcohol test results are required only ‘where the only damming evidence against an employee is the results of a drug test and no corroborating evidence of substance abuse exists.’ Blappert v. Department of Police, 94-1284 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339, 1342. Other competent evidence of Burekel’s violation of policy was presented in the instant case.”
Burckel, supra.
However, in Mr. Guggenheim’s case, there was no other evidence presented by the NOPD to establish that Appellant had a substance abuse problem. By contrast, Appellant’s four witnesses testified he never exhibited signs that he was under the influence of drugs. Thus, the “damming evidence” that exists consists only of the drug test results. Consequently, “the chain of custody becomes the critical issue and must be proved by the appointing authority with great care.” Murray v. Department of Police, 97-2650 (La.App. 4 Cir. 5/27/98), 713 So.2d 838, 843 (quoting Blappert, 647 So.2d at 1343).
In its decision, the Commission stated that there were “procedural difficulties in the chain of custody.” The “procedural difficulties” in Appellant’s case were the following: (1) Ms. Hoan Nguyen never appeared at the hearing to testify to confirm that Appellant tested positive (and as stated earlier, the “litigation package” was never introduced into evidence, but instead was proffered as City exhibit number 2); (2) no one could explain why the signature of Ms. Amelia Gause was scratched out on the “Non-Dot Accessioning Batch Chain of Custody for the Original Sample” (located on the first page of Section II of the “litigation package”) and which employee scratched the signature out; and (3) no one could [ 5explain why Ms. Gause’s signature was scratched out on the “Non-Dot Screening Batch Chain of Custody for Sample Aliquot” and which employee scratched the signature out.
*755 The Commission erroneously relied upon this Court’s decision in Burckel to conclude that the NOPD proved its case. No evidence was presented to show that Appellant had a substance abuse problem or that he exhibited any signs of having a drug problem. Consequently, Burckel is not the standard to rely upon. Instead, the Blappert case governs Appellant’s appeal. And under Blappert, the chain of custody is the critical element in proving that Appellant tested positive for drugs. The Commission admitted in its decision that there were procedural difficulties in the chain of custody. Thus, the NOPD had to prove that Appellant tested positive, which it could not do because the one expert it needed never testified, despite the fact that the hearings on Appellant’s case had been going on for five months. Because that expert never appeared, the “litigation package” was never introduced into evidence. Thus, no evidence existed to prove that Appellant tested positive for marijuana. Therefore, we reverse the Commission’s decision to uphold Officer Guggenheim’s termination. It is further ordered that Appellant be reinstated to his former position, together with all back pay owed from the date of his termination.
REVERSED.