BAGNERIS, Judge.
Thomas Kirsch (“Officer Kirsch”), a New Orleans Police Department (“NOPD”) Officer with permanent status, seeks to reverse a decision of the Civil Service Commission (“the Commission”), and the City of New Orleans that denied his appeal and affirmed his termination by NOPD. Finding no error of fact or law in the Commission’s decision, we affirm.

STATEMENT OF FACTS

On May 18, 2001, Keith Hoffman, an Orleans Parish Criminal Sheriffs Deputy was on patrol in the French Quarter in New Orleans, Louisiana. He testified that he responded to a call at the intersection of Royal Street and Canal Street. Upon arrival he discovered an unknown male slumped over his steering wheel in his vehicle. He awakened the unknown male by tapping on the vehicle window. The unknown male stepped out of the vehicle and identified himself as a New Orleans Police Officer. Deputy Hoffman testified that he found Officer Kirsch to be compliant but he appeared to be intoxicated. Deputy Hoffman notified his supervisor and within a short period EMS and several NOPD Officers were on the scene.
l2Sergeant Tyrone Beshear of the New Orleans Police Department testified he arrived on the scene and that Officer Kirsch appeared ill and was possibly under the influence of an illegal substance or prescription drugs. He testified that Officer Kirsch’s vehicle was searched. The searched revealed a prescription bottle bearing Officer Kirsch’s name. The label indicated a prescription for Vicodin (Hy-droncodone). EMS arrived and transported Officer Kirsch to Charity Hospital. Also, the EMS technician transported the prescription bottle to Charity Hospital.
Officer Kirsch was terminated by NOPD effective December 13, 2001, for violation *967 of internal rules concerning adherence to law. The Appointing Authority found that Officer Kirsch possessed an illegal scheduled drug and that Officer Kirsch was taking a prescription medication without informing his supervisor. The matter was assigned by the Commission to a Hearing Examiner. On April 15 the Commission rendered a decision that denied Officer Kirsch’s appeal and affirmed the Appointing Authority’s decision to terminate.
Officer Kirsch appeals.

DISCUSSION

On appeal Officer Kirsch contends that the Commission’s decision is arbitrary, capricious and clearly wrong. Officer Kirsch argues that the chain of custody is the critical issue in this case. He further argues that this most critical issue of chain of custody has not been proven by the Appointing Authority citing Guggenheim v. New Orleans Police Department, 1999-2804 (La.App. 4 Cir. 7/12/00), 773 So.2d 752.
| -¡The Commission has the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The Commission’s decision is subject to review on any question of law or fact upon appeal to the Court of Appeal. La. Const. art. X, Sec. 12(B).
The Louisiana Supreme Court has formulated jurisprudential precepts to guide the Commission and the courts of appeal in applying these constitutional principles. “Cause” for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958); Jais v. Department of Finance City of New Orleans, 228 La. 399, 82 So.2d 689 (1955); Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393 (1954).
The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. See Brickman v. New Orleans Aviation Board, supra, 107 So.2d at 434 (1958) (McCaleb, J., dissenting). A reviewing court should not reverse a Commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of the Commission’s discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971); Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 (1954). On the other hand, the judicial review function is not so limited with respect to the Commission’s decisions as to jurisdiction, procedure, and interpretation of laws and regulations. Konen, supra.
The standard to be applied by a court in reviewing the commission’s factual findings has changed over the years. Under the previous constitution, which provided that the Commission’s findings of fact were final, La. Const. art. XIV Sec. 15(0)(1) (1921), this court held in a variety of decisions that the agency’s factual findings would not be disturbed if there is of record “any evidence,” Leggett v. Northwestern State College, supra; “substantial evidence,” Konen v. New Orleans Police Department, supra; “some evidence,” Gervais v. Department of Police of the City of *968 New Orleans, supra or “probative evidence,” Mayerhafer v. New Orleans Police Department, 235 La. 437, 104 So.2d 163 (1958), to support them. See H.F. Sockrider, Dismissal of Louisiana State Civil Service Employees, 23 La.L.Rev.121 (1962). These standards of review of factual determinations, however, have been superseded by the new constitutional rule that the Commission’s decision is subject to review on any question of law or fact. La. Const. art. X Sec. 12.
Accordingly, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the Commission’s factual findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). See Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980); Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978); Michel v. Department of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir.1976).
Thus a multifaceted review function is committed to the court in civil service disciplinary cases. In reviewing the Commission’s procedural decisions and interpretations of law the court performs its traditional plenary functions of insuring procedural rectitude and reviewing questions of law. Due concern both for the intention of the constitution and for the boundaries between the functions of the Commission and of the court, however, demands that a reviewing court exercise other aspects of its review function with more circumspection. In reviewing the Commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. Cf. La.R.S. 49:964; Save Ourselves, Inc. v. The Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984); Weyerhaeuser Co. v. Costle, 590 F.2d 1011 (D.C.Cir.1978); K. Davis, Administrative Law (1982 Supp.) at 536 et seq., Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984).
IfiAn employee with permanent status in the classified civil service, like Officer Kirsch, may be disciplined only for cause expressed in writing. La. Const. Art. X, section 8(A); Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984). “Cause” exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). Stated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious, unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Newman v. Department of Fire, 425 So.2d 753, 754 (La.1983). The Appointing Authority, in this case the NOPD, must prove to the appropriate Civil Service Board, by a preponderance of the evidence that this correlation exists. Neff v. City Planning Commission, 95-2324 (La.App. 4 Cir. 9/11/96), 681 So.2d 6, 7, writ denied, 96-2465 (La.12/6/96), 684 So.2d 934; Blappert v. Department of Police, 94-1284 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339, 1342.
Once the Civil Service Board (in this case the Commission)makes it’s ruling, either party may appeal to the appellate *969 court for a review of that ruling. La. Const. Art. X, section 12(B).
In Burckel v. Department of Fire, 97-0635 (La.App. 4 Cir. 9/17/97), 700 So.2d 553, we concluded that the fire department proved that the appellant was intoxicated and thus, violated departmental rules, even though the department failed to introduce the results of appellant’s blood alcohol test. We said:
“This is not a case in which the only evidence of substance abuse is a random blood or urine test, such as Sciortino v. Department of Police, 94-0356 (La.App. 4 Cir. 9/29/94) 643 So.2d 841, or Bourque v. Louisiana State Racing Commission, 611 So.2d 742 (La.App. 4 Cir.1992). Blood alcohol test results are required only ‘where the only damming evidence against an employee is the results of a drug test and no corroborating evidence of substance abuse exists.’ Blappert v. Department of Police, 94-1284 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339, 1342. Other competent evidence of Burckel’s violation of policy was presented in the instant ease.”

Burckel, supra.

In Officer Kirsch’s case, there was no evidence presented by the NOPD to establish that Appellant had a substance abuse problem. However, several witnesses testified he exhibited signs that he was under the influence of drugs on May 18, 2001. Thus, the “damning evidence” that existed consisted of the prescription bottle found in Officer Kirsch’s vehicle which contained four pills determined to be the illegal drug “Ecstasy”. Consequently, “the chain of custody becomes the critical issue and must be proved by the appointing authority with great care.” Murray v. Department of Police, 97-2650 (La.App. 4 Cir. 5/27/98), 713 So.2d 838, 843 (quoting Blappert, 647 So.2d at 1343). In this case we find no legal error insofar as defendant’s due process rights. Also, we find no defects in the chain of custody.
In its decision, the Commission delineated a clear chain of custody. The Commission stated that:
“.... A prescription bottle containing pills was retrieved from Officer Kirsch’s vehicle. The ambulance transported Office Kirsch to Charity hospital. The pill bottle was in the custody of the Emergency medical technicians while in route to the hospital. Once at Charity Hospital, Sgt. Beshears took possession of the pill bottle. He maintained custody of the pill bottle until Sgt. Robert Harrison of the Public Integrity Bureau arrived. The Emergency Room Doctor examined the pills. The Doctor identified all but four of the pills as Vico-din (Hydrocodone). The doctor could not identify the other four pills. Sgt. Harrison delivered the pills to Central Evidence for storage and |stesting. He interviewed Officer Kirsch and the other witnesses, and obtained Officer Kirsch’s blood from the hospital for testing. The unknown pills were tested and identified as an illegal substance called Ecstasy. The only substance found in Officer Kirsch’s blood was Vicodin. The Appointing Authority terminated Officer Kirsch after it determined that he violated the law by possessing Ecstasy (Emphasis our).
Clearly, the Commission believed the accounts given by the witnesses who handled the pill bottle found in Officer Kirsch’s vehicle on May 18, 2001. Officer Kirsch admitted he had possessed the prescription bottle and that it was in his vehicle on May 18, 2001. However, Officer Kirsch denies any knowledge of the four illegal pills that were contained in his prescription bottle. He had no explanation as to *970 how the illegal pills found their way into his prescription bottle for Vicodin.
Officer Kirsch testified that he went to Pat O’Brien for a drink in the French Quarter. He stated that an unknown female approached him and invited him to have a drink with her. He stated that after a short period, he became dizzy. The unknown female left allegedly to find a friend. Officer Kirsch testified that he did not remember anything that happened subsequently until he was awakened at Charity Hospital. He testified that his money and credit card were missing. He stated that he suspected that the woman in the bar drugged him, and took his money and his credit card.
The Commission found that the Appointing Authority established that Officer Kirsch possessed Ecstasy, which was a violation of the law and the basis for his termination from NOPD. The Commission stated that Officer Kirsch was |9not disciplined for his intoxication but rather he was disciplined for possession of an illegal drug.
The Commission opined the alleged drugging does not explain how the Ecstasy came into Officer Kirsch’s possession. Officer Kirsch did not take his prescription bottle into the bar, and there was no evidence offered that the women entered his vehicle, placed the illegal drugs into his prescription bottle and then left the scene. Further, the Commission did not find Officer Kirsch’s allegations that he did not know he possessed Ecstasy credible. The four pills were found in his vehicle in his prescription bottle. Accordingly we find no merit to Officer Kirsch’s contention.

CONCLUSION

After careful review of the record, we conclude that the Commission did not commit manifest error in its factual findings nor was its decision arbitrary and capricious. The evidence shows that Officer Kirsch possessed the prescription bottle, which contained the four Ecstasy pills that were found in his vehicle on May 18, 2001. Therefore, the Commission’s decision to dismiss Officer Kirsch’s appeal and to affirm his termination is not manifestly erroneous or clearly wrong.

AFFIRMED.